## ALEXANDER SWIFT & CO. *v.* JOHN ARMSTRONG.

*A party must show cause by rule why evidence taken in limine should not be read in Court. His opponent must answer the rule, or else he waives his objections.*

APPEAL from the Sixth District Court of New Orleans, *Howell, J.*
*C. Redmond,* for defendant and appellant. *Durant & Hornor,* for plaintiff.

LABAUVE, J. The plaintiffs claim from the defendant the sum of $1,412 39, with interest on an open account.

Interrogatories annexed to the petition:

1. Look at the annexed account lettered S. Is the same true and correct in every respect, and do you know that the sum therein expressed is now due and payable to plaintiff ?

2. If you say that the bill S is incorrect in any particular, will you state in what the error consists, and distinctly describe in what the error consists ?

They were ordered by the Judge to be answered.

The defendant answered the petition by a general denial, and annexed to his answer the following answers to the interrogatories:

To the first interrogatory he answers: *no.*

To the second interrogatory he answers:

Plaintiff's bill S and claim are erroneous in the following particulars:

1. Because the sum of $101 56, amount of annexed freight bill marked A, should be deducted; the plaintiffs having agreed to deliver the iron free of charge.

2. The items of ten plates 5-16 iron, amounting to $199 75, should be stricken out as representing *in part* a previous shipment of similar iron, invoice of 7th January, 1860, which was sent to in place, and which had proved defective. This deduction does not cover the value of defective

iron in said invoice of 7th January, 1860, much less my losses occasioned by its bad quality.

On motion of plaintiff's counsel, it was ordered by the Court below that the defendant show cause, on Wednesday, 8th April, 1863, at 10 o'clock A. M., why judgment should not be rendered for the said amount of $1,121 08, with interest, leaving the other items in dispute for further proceedings. The time fixed for the rule having arrived and no cause being shown, judgment was accordingly rendered.

The defendant took this appeal.

The appellant contends that the case should have been placed on the issue docket and tried together; that the answers to the interrogatories were matters of evidence to be adduced on trial in support of the allegations of plaintiffs. The objection comes too late: the defendant should have shown that for cause in answer to the rule, and not having done so, the Court was bound to give judgment on the sworn admissions.

Judgment affirmed, with costs of appeal.

HOWELL, J., recused.